IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PACCAR FINANCIAL CORP.,

    Plaintiff,

v.                                                                   No. 16-1124

JOHN R. REED, *et al.*,

    Defendants.

---

ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS
SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

---

    According to the docket in this matter, the Plaintiff, PACCAR Financial Corp., obtained an entry of default against the Defendants, John R. Reed; Patsy L. Reed; Reed Freight Services, Inc. and Reed Family Holdings, Inc., issued by the Clerk of Court on November 22, 2016. (Docket Entry 26.) The docket reflects no activity in this case since that date.

    Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Where a claim is "for a sum certain or a sum that can be made certain by computation," and the plaintiff has submitted to the clerk an affidavit showing the amount due, the clerk "must enter judgment for that amount and costs." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "Entry of a default under [Rule] 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule [55(b).]" *Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1003 (N.D. Iowa 2003).

Accordingly, the rule requires two steps: "First, pursuant to Rule 55(a), a plaintiff must request from the Clerk of Court an entry of default, describing the particulars of the defendant's failure to plead or otherwise defend." *Dish Network LLC v. Barnaby,* No. 3:15-CV-492-TAV-HBG, 2016 WL 6603202, at *2 (E.D. Tenn. Nov. 8, 2016). "If default is entered by the Clerk, the plaintiff must then move the Court for entry of default judgment pursuant to Rule 55(b)." *Id.*

In this case, the Clerk has entered default under subsection (a). In order to obtain default judgment, the Plaintiff must move therefor subsequent to the entry of default pursuant to subsection (b)(2). As it has to date failed to do so, the Plaintiff is hereby DIRECTED to show cause, within eleven (11) days of the entry of this order, why its claims should not be dismissed for failure to prosecute in accordance with Fed. R. Civ. P. 41. In responding to this show cause order, the Plaintiff must inform the Court of the reasons for its failure to seek default judgment. Failure to respond sufficiently and in a timely manner to the Court's order may result in dismissal of the complaint in its entirety.

IT IS SO ORDERED this 5th day of January 2017.

                                                   s/ J. DANIEL BREEN
                                                   CHIEF UNITED STATES DISTRICT JUDGE